WILLIAM D. BROHN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brohn v. Commissioner
Docket No. 15237-91
United States Tax Court
T.C. Memo 1992-670; 1992 Tax Ct. Memo LEXIS 710; 64 T.C.M. (CCH) 1350; November 19, 1992, Filed Decision will be entered for Respondent. For Petitioner: Herbert G. Feinson. For Respondent: Michael P. Breton. PANUTHOS
PANUTHOS
MEMORANDUM FINDINGS OF FACT AND OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b). [1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1988 in the amount of $ 4,611 and an addition to tax pursuant to section 6653(a)(1) in the amount of $ 231. After this case was submitted, petitioner filed a motion for summary judgment. The issues for decision are: (1) Whether the notice of deficiency is null and void; (2) if the notice of deficiency is valid, we must decide whether petitioner omitted nonemployee compensation and interest income from his 1988 Federal income tax return; and (3) whether petitioner *711 is liable for the addition to tax for negligence under section 6653(a)(1). FINDINGS OF FACT When this case was called for trial at New York, New York, counsel for the parties appeared and announced that they were ready to submit this case to the Court. Counsel offered, and the Court received, a stipulation of facts with attached exhibits. Petitioner's counsel advised the Court that there were no questions of fact for trial. Since neither party offered any evidence outside the stipulation and attached exhibits, our findings are based upon the agreed facts. [2] At the time of filing the petition herein, petitioner resided at Clinton, Connecticut. A Form 1099 was issued by Cameron Mackintosh, Inc. (hereinafter Cameron), for the taxable year 1988 reflecting nonemployee compensation paid to petitioner in the amount of $ 8,406.50. Also, a Form 1099 was issued by Robbins Project Company (hereinafter Robbins) for the taxable year *712 1988 reflecting nonemployee compensation paid to petitioner in the amount of $ 5,730. [3] During 1988 petitioner received the amounts of nonemployee compensation from Cameron and Robbins set forth above. Petitioner timely filed his Federal income tax return for the taxable year 1988. On his return, petitioner reported wages or salaries in the amount of $ 20,233, interest income in the amount of $ 1,921, and net profit from Schedule C activities in the amount of $ 5,200. A notice of deficiency was mailed on June 19, 1991. An attachment to the notice of deficiency provided as follows: Proposed Changes To Your 1988 Income Tax (Detailed Information For The Following Changes Begins On Page 3) Changed Items
Shown on Return
Reported to IRS
Increase (Decrease)
Interest
$ 1,921
$  1,927
$      6
Nonemployee
$     0
$ 14,136
$ 14,136
Compensation
Proposed Changes in Adjusted Gross Income
Total Increase
$ 14,142
*713 Computation of Change in Tax 1.
Taxable Income Per Return
1)
$  8,667
2.
Corrected Taxable Income
2)
22,809
3.
Corrected Tax
3)
4,071
4.
Other Taxes, As Corrected Or Shown On Return
4)
2,518
5.
Total Corrected Tax
5)
6,589
6.
Tax As Shown On Return
6)
1,978
7.
Tax Increase
7)
4,611
8.
Increase In Withholding
8)
102
9.
Interest From 4-15-89 To 15 Days After The Date Of
9)
1,185
This Notice
10.
Addition To Tax On Underreported Income/Overclaimed
10)
231
Deductions
11.
Proposed Amount Due IRS
11)
5,925
Page 3 (referred to in the above schedule) and also attached to the notice of deficiency, set forth five named payors as having issued Form W-2 wages to petitioner. This schedule was made part of the notice of deficiency as a purported explanation of the proposed changes. Respondent now agrees that the information reflected on page 3 is erroneous, in that said schedule includes income reported on the 1988 return rather than omitted income. The primary adjustment in the notice of deficiency is omitted nonemployee compensation, and the explanation on page 3 should have described the changes as omitted nonemployee compensation from Cameron and Robbins *714 in the amounts set forth above. In his petition filed July 11, 1991, petitioner (referring to the erroneous schedule in the notice of deficiency) alleged that he reported all the purported omitted income determined in the notice of deficiency. He alleged in the petition that there is no deficiency. Respondent filed a timely answer denying these allegations. In letters from respondent's Appeals Office dated October 11, 1991, and from respondent's counsel on April 10, 1992, the adjustments in the notice of deficiency were explained to counsel for petitioner. Respondent pointed out to petitioner's counsel that the notice of deficiency contains the correct deficiency amount and the correct adjustments in the proposed changes scheduled above. Respondent's counsel also acknowledged that the page 3 explanation was erroneous. Respondent also made further efforts in these letters to explain the adjustments to income. OPINION We first consider the argument set forth in petitioner's motion for summary judgment. [4] Petitioner argues that the notice of deficiency is invalid because the adjustment set forth therein is incorrect. *715 There is no dispute of the facts here. Respondent acknowledges that an attachment to the notice of deficiency contains an erroneous explanation of adjustments. Petitioner, however, ignores the fact that the proposed changes set forth omitted nonemployee income and omitted interest income, and the deficiency is based on these two adjustments which resulted from an examination of petitioner's 1988 return. Thus, there is no question that the Internal Revenue Service determined a deficiency. , affg. an unpublished order of this Court; , affg. . In , we held that a notice of deficiency was valid even where the Internal Revenue Service erroneously attached computational sheets of a different taxpayer to the notice of deficiency sent to the Campbells. The taxpayer in , had less information than petitioner in this case. We *716 hold that the notice of deficiency is valid, and, accordingly, petitioner's motion for summary judgment is denied. With respect to the adjustments herein, petitioner stipulated that he received nonemployee compensation from Cameron and Robbins in the amounts of $ 8,406.50 and $ 5,730, respectively. Accordingly, we hold for respondent on this issue. With respect to the omitted interest income determined by respondent, petitioner did not present any evidence to show that he did not receive the interest income. There is no question that petitioner has the burden of proof on this issue. Rule 142(a); . Respondent's determination is, accordingly, sustained on this issue. With respect to the addition to tax for negligence, petitioner has the burden of establishing error in respondent's determination. ; . Petitioner did not present any evidence to explain why he failed to report income on his return for 1988. Respondent is, accordingly, sustained on this *717 issue. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner filed his motion for summary judgment 12 days after the case was submitted.↩
3. The notice of deficiency rounded the total of these two amounts to the nearest dollar ($ 14,136).↩
4. Rule 121 provides that a motion for summary judgment shall be filed so as not to delay trial. While petitioner's motion was filed after submission of this case, the argument made in the motion is essentially the same as that made in his petition. While the filing of a motion for summary judgment after submission of a case does not appear to have any rational basis, we nevertheless consider the argument made by petitioner.↩